# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

PATRICK L. SHERMAN                                                                                      PLAINTIFF
ADC #96304

V.                              NO. 5:14cv00249-SWW-JTR

RAY HOBBS, Director,                                                                                 DEFENDANTS
Arkansas Department of Correction, et al.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

# INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

**I. Discussion**

Plaintiff, Patrick L. Sherman, an Arkansas Department of Correction inmate,

has filed a *pro se* § 1983 Complaint,[1] along with a Motion for Leave to Proceed *In Forma Pauperis*. Docs. 1, 2.

The Prison Litigation Reform Act provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court's records show that, prior to initiating this action, Mr. Sherman filed at least thirty-six lawsuits in the Eastern District of Arkansas. Of those, at least three were dismissed for failure to state a claim.[2]

In the current action, Mr. Sherman seeks declaratory and injunctive relief for his allegedly unconstitutional imprisonment pursuant to 1995 state-court convictions

---

[1] The Clerk misdesignated this action as a 28 U.S.C. § 2254 petition for writ of habeas corpus. Mr. Sherman presented his claims on the complaint form for filing a 42 U.S.C. § 1983 civil rights action, and he stated that he was bringing a § 1983 action because, in part, his efforts to seek § 2254 habeas relief were unsuccessful. *Doc. 2, at 1, 4.*

[2] *See, e.g., Sherman v. Rhode, et al.*, E.D. Ark. No. 5:96cv00365 (dismissed May 19, 1997; appeal dismissed July 28, 1997); *Sherman v. Norris, et al.*, E.D. Ark. No. 5:97cv00405 (dismissed Aug. 3, 1998; no appeal filed); *Sherman v. Correctional Medical Services, et al.*, E.D. Ark. No. 5:01cv00161 (dismissed Sept. 18, 2001; no appeal filed).

for first-degree battery, assault, and fleeing.[3] Nothing indicates that he is in imminent danger of serious physical injury. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception to the three strikes rule applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Accordingly, Mr. Sherman cannot proceed *in forma pauperis*.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Sherman's Motion for Leave to Proceed *In Forma Pauperis*, *Doc. 1*, should be DENIED.

2. Mr. Sherman's Complaint, *Doc. 2,* should be DISMISSED, without prejudice, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

---

[3] Mr. Sherman has filed at least five habeas petitions collaterally attacking his 1995 convictions, four of which were dismissed as successive applications filed without receiving authorization from the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3)(A). *Sherman v. Norris*, No. 5:97cv00039 (E.D. Ark. Oct. 30, 1997); *Sherman v. Norris*, No. 6:01cv06127-RTD (W.D. Ark. Aug. 27, 2001) (dismissed as successive); *Sherman v. Norris*, No. 5:07cv00036-SWW (E.D. Ark. April 4, 2007) (same); *Sherman v. Beebe*, No. 5:07cv00073-SWW (E.D. Ark. May 7, 2007) (same); *Sherman v. Hobbs*, No. 5:13cv00213-SWW (E.D. Ark. Sept. 30, 2013) (same). On at least three occasions, the Eighth Circuit has denied Mr. Sherman's applications for authorization to proceed with a successive habeas action. *Sherman v. State of Arkansas*, No. 02-3790 (8th Cir. Jan. 28, 2003); *Sherman v. State of Arkansas*, No. 07-2003 (8th Cir. Aug. 29, 2007); *Sherman v. Hobbs*, No. 13-3322 (8th Cir. Feb. 12, 2014).

3. Mr. Sherman should be advised that, if he wishes to continue this action, he must, within thirty (30) days of the entry of an Order adopting this Recommended Disposition: (a) submit the statutory filing fee of $400 in full, to the Clerk, noting the case style and number; and (b) file a motion to reopen the case.

4. The Clerk should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

DATED this __20th__ day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE